**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| MIKO GILLESPIE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 23 CV 16231 |
| | ) |
| CITY OF CHICAGO, CHARLES | ) |
| O'CONNOR, #8546, and ALEC GOMEZ, | ) |
| #13917, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, MIKO GILLESPIE, by and through his counsel, SAMUELS & ASSOCIATES, LTD., and complaining of the defendants, CITY OF CHICAGO, CHARLES O'CONNOR, #8546, and ALEC GOMEZ, #13917, states as follows:

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1. This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

2. The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343 (a); the Constitution of the United States.

3. Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

1

## PARTIES

4.  Plaintiff MIKO GILLESPIE is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Miko is an African American trans man who works as a Cyber Security Analyst.

5.  Defendants CHARLES O'CONNOR, #8546 and ALEC GOMEZ, #13917 ("Defendant Officers") were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

6.  Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

## FACTS

7.  On or around Christmas Eve of 2019, Miko Gillespie was driving home when he noticed he was being followed by the police.

8.  Despite adequately stopping and indicating his intention to turn, Defendant Officers pulled him over for alleged traffic violations.

9.  The Defendant Officers' rationale for pulling over Miko was pretextual.

10. Upon approach, Defendant O'Connor asked Miko if he had a driver's license. Miko said he did and asked Officer O'Connor why he was being stopped.

11. Defendant O'Connor then asked Miko to provide his driver's license and Miko again requested the reason he was being pulled over.

12.     Defendant O'Connor then immediately became aggressive with Miko by shouting at him, "alright, let's do this."

13.     Without any lawful basis, Defendant O'Connor reached into Miko's car and opened the door, then forced Miko to exit the vehicle.

14.     Miko without any lawful basis, Miko was arrested and his car was towed.

15.     Miko was then held at the police station for three to four days, mainly in solitary confinement.

16.     Eventually, Miko was taken to court where he received a bond.

17.     For three years, Miko had to defend against false and baseless charges.

18.     Miko filed a motion to dismiss, the state dismissed two of the charges as they were legally deficient.

19.     At trial, Miko was found not guilty on the remaining charge.

20.     The acts of Defendant Officer were intentional, willful and wanton.

21.     As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, lost wages, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

## COUNT I: 42 U.S.C. § 1983 – Unlawful Pretrial Detention

22.     Plaintiff re-alleges each of the foregoing paragraphs if fully set forth here.

23.     Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports

3

and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

24. Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

25. As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately filing false police reports.

26. Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment and criminal case.

27. Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

28. The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

WHEREFORE the Plaintiff, MIKO GILLESPIE, purusant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS, CHARLES O'CONNOR, #8546, and ALEC GOMEZ, #13917, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

## COUNT II: Malicious Prosecution

29. Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

30.     By the actions detailed above, DEFENDANT OFFICERS knowingly sought to and did in fact maliciously prosecute PLAINTIFF on false charges for which they knew there was no probable cause.

31.     Defendant City is sued in this Count pursuant to the doctrine of *respondeat superior*, in that Defendant Officers performed the actions complained of while on duty and/or in the employ of Defendant City, and while acting within the scope of this employment.

32.     As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

WHEREFORE the Plaintiff, MIKO GILLESPIE, demands judgment against the Defendants, CITY OF CHICAGO, CHARLES O'CONNOR, #8546, and ALEC GOMEZ, #13917, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                              Respectfully Submitted,

                              **MIKO GILLESPIE**

                    By:    s/ Jeanette Samuels
                                    *One of Plaintiff's Attorneys*


                              Jeanette Samuels
                              SAMUELS & ASSOCIATES, LTD.

5

53 West Jackson Blvd., Suite 831
Chicago, Illinois 60604
T: (872) 588-8726
F: (872) 813-5256
E: sam@chicivilrights.com