## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| MIKO GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-16231 |
| V. | ) | |
| | ) | Hon. Charles P. Kocoras |
| CITY OF CHICAGO., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## <u>DEFENDANTS' ANSWER TO COMPLAINT</u>

NOW COME Defendants City of Chicago, Charles O'Connor, and Alec Gomez, by and through one of their attorneys, Mark L. Alanson, Assistant Corporation Counsel, and hereby submit their Answer to Plaintiff's Complaint. [Dkt. No. 1].

## INTRODUCTION

This is a civil action seeking damages against defendants for committing acts under color of law, and depriving Plaintiff of rights secured by the Constitution and laws of the United States.

## JURISDICTION

1.     This action is brought pursuant to the Civil Rights Act, 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

**ANSWER**:  **Defendants admit that Plaintiff purports to bring this action pursuant to 42 U.S.C. § 1983.**

2.     The jurisdiction of this Court is invoked pursuant to the judicial code 28 U.S.C. § 1331 and 1343(a); the Constitution of the United States.

**ANSWER**:   **Defendants admit jurisdiction is proper, but deny any allegations of misconduct or wrongdoing alleged herein.**

3.     Pendent jurisdiction as provided under 28 U.S.C. § 1367(a).

**ANSWER:  Defendants admit jurisdiction is proper but deny any allegations of misconduct or wrongdoing alleged herein.**

## PARTIES

4.     Plaintiff Miko Gillespie is a citizen of the United States of America, who, at all times relevant, resided in Cook County, Illinois. Miko is an African American trans man who works as a Cyber Security Analyst.

**ANSWER:  Defendants admit upon information and belief that Plaintiff is a citizen of the United States of America.  Defendants lack the information and knowledge as to Plaintiff's county of residency, gender identity, and career.**

5.     Defendants Charles O'Connor, #8546, and Alec Gomez, #13917 ("Defendant Officers"), were, at the time of this occurrence, duly licensed Chicago Police Officers. They engaged in the conduct complained of in the course and scope of their employment and under color of law. They are sued in their individual capacities.

**ANSWER:  Defendants admit that they were duly licensed Chicago Police Officers. Defendants deny that the conduct complained of is an accurate reflection of their conduct in relation to Plaintiff at the time of the incident.  Defendants further deny that they violated any of Plaintiff's rights under the Constitution of the United States or under Illinois law.  Defendant Officers admit that Plaintiff purports to sue them in their individual capacities.**

6.     Defendant CITY OF CHICAGO ("City") is a municipal corporation duly incorporated under the laws of the State of Illinois, and is the employer and principal of Defendant Officer.

**ANSWER:  Defendants admit the allegations contained in this paragraph.**

## FACTS

7.      On or around Christmas Eve of 2019, Miko Gillespie was driving home when he noticed he was being followed by the police.

**ANSWER: Defendants lack knowledge or information sufficient to form a basis of truth as to the facts in this paragraph.**

8.      Despite adequately stopping and indicating his intention to turn, Defendant Officers pulled him over for alleged traffic violations.

**ANSWER: Defendants deny that Plaintiff used his vehicle turn signal or that Plaintiff indicated "his intention to turn" prior to the traffic stop. Defendants admit that Plaintiff was pulled over for traffic violations.**

9.      The Defendant Officers' rationale for pulling over Miko was pretextual.

**ANSWER: Defendants deny the allegation in this paragraph.**

10.      Upon approach, Defendant O'Connor asked Miko if he had a driver's license. Miko said he did and asked Officer O'Connor why he was being stopped.

**ANSWER: Defendants admit that they asked Plaintiff to produce his driver's license and that Plaintiff asked the reason for the stop. Defendants deny that Plaintiff ever produced a driver's license.**

11.      Defendant O'Connor then asked Miko to provide his driver's license and Miko again requested the reason he was being pulled over.

**ANSWER: Defendants admit the allegations contained in this paragraph.**

12.      Defendant O'Connor then immediately became aggressive with Miko by shouting at him, "alright, let's do this."

**ANSWER: Defendants deny that Defendant O'Connor became aggressive but admit that he informed Plaintiff, "alright, let's do this" when he instructed Plaintiff to step out of the vehicle for failing to produce a driver's license.**

13.      Without any lawful basis, Defendant O'Connor reached into Miko's car and opened the door, then forced Miko to exit the vehicle.

**ANSWER: Defendants deny that Defendant O'Connor lacked a lawful basis to open the door to Plaintiff's vehicle.**

14.      Miko without any lawful basis, Miko was arrested and his car was towed.

**ANSWER: Defendants admit that Plaintiff was arrested and that Plaintiff's car was towed but deny that either were done without a lawful basis.**

15.    Miko was then held at the police station for three to four days, mainly in solitary confinement.

**ANSWER: Defendants lacked knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

16.    Eventually, Miko was taken to court where he received a bond.

**ANSWER: Defendants lacked knowledge sufficient to form a basis of truth as to the allegations contained in this paragraph.**

17.    For three years, Miko had to defend against false and baseless charges.

**ANSWER: Defendants deny that Plaintiff was subject to false and baseless charges.**

18.    Miko filed a motion to dismiss, the state dismissed two of the charges as they were legally deficient.

**ANSWER: Defendants admit that two of the charges Plaintiff was facing in his criminal case were dismissed but deny that these claims were legally deficient.**

19.    At trial, Miko was found not guilty on the remaining charge.

**ANSWER: Defendants admit that Plaintiff was found not guilty at trial.**

20.    The acts of Defendant Officer were intentional, willful and wanton.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

21.    As a direct and proximate result of the unlawful actions of the defendants, Plaintiffs were injured, including physical injuries, pain and suffering, humiliation, embarrassment, fear, emotional trauma, lost wages, mental anguish, the deprivation of their constitutional rights and dignity, interference with a normal life, lost time, and attorneys' fees.

**ANSWER: Defendants deny the allegations contained in this paragraph.**

22.    Plaintiff re-alleges each of the foregoing paragraphs if fully set forth here.

**ANSWER: Defendants restate their corresponding answers to each of the foregoing paragraphs.**

23.     Defendant Officers accused Plaintiff of criminal activity knowing those accusations to be without genuine probable cause, and they submitted reports and statements to prosecutors with the intent of instituting and continuing judicial proceedings against Plaintiff.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

24.     Defendant Officers caused Plaintiff to be improperly subjected to judicial proceedings for which there was no probable cause.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

25.     As described more fully above, Defendant Officers, while acting individually and jointly, deprived Plaintiff of his constitutional rights by deliberately filing false police reports.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

26.     Defendant Officers continued to mislead and misdirect the criminal prosecution of Plaintiff during the pendency of his detainment and criminal case.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

27.     Defendant Officers' misconduct directly and proximately caused violations of Plaintiff's constitutional rights, loss of liberty, monetary expenses, emotional distress, and other injuries.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

28.     The misconduct described here was objectively unreasonable and undertaken intentionally with willful indifference to Plaintiff's constitutional rights. WHEREFORE the Plaintiff, MIKO GILLESPIE, pursuant to 42 U.S.C. §1983, demands judgment against the DEFENDANT OFFICERS, CHARLES O'CONNOR, #8546, and ALEC GOMEZ, #13917, for compensatory damages, punitive damages, the costs of this action and attorneys' fees, and any such other and further relief as this Court deems equitable and just.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph and deny that Plaintiff is entitled to compensatory damages, punitive damages, litigation costs, attorneys' fees, and any other type of relief not specified in this action.**

## COUNT II: Malicious Prosecution

29.     Plaintiff realleges each of the foregoing paragraphs as if fully set forth here.

**ANSWER**:  **Defendants restate their corresponding answers to each of the foregoing paragraphs.**

30.     By the actions detailed above, DEFENDANT OFFICERS knowingly sought to and did in fact maliciously prosecute PLAINTIFF on false charges for which they knew there was no probable cause.

**ANSWER**:  **Defendants deny the allegations contained in this paragraph.**

31.     Defendant City is sued in this Count pursuant to the doctrine of respondeat superior, in that Defendant Officers performed the actions complained of while on duty and/ or in the employ of Defendant City, and while acting within the scope of this employment.

**ANSWER:  Defendant Officers admit that at all times they were acting within the scope of their employment but deny that they engaged in any misconduct while carrying out these duties.**

32.     As a direct and proximate result of the malicious prosecution, Plaintiff was damaged, including the value of his lost liberty, exposure to public scandal and disgrace, damage to his reputation, mental and emotional suffering, humiliation, embarrassment, and anguish.

**ANSWER: Defendants deny the allegations contained in this paragraph.**


## JURY DEMAND

Defendants respectfully demand trial by jury on all counts so triable.


## AFFIRMATIVE DEFENSES

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. At all times material to the events alleged in Plaintiff's Amended Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted said Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that said Defendant Officers possessed. Defendant Officers, therefore, are entitled to qualified immunity as a matter of law. *See Spiegel v. Cortese*, 196 F.3d 717, 723 (7th Cir. 2000).

2. Defendant Officers cannot be held liable for Plaintiff's 42 U.S.C. § 1983 claims unless each individually caused or participated in an alleged constitutional deprivation because individual liability for damages under 42 U.S.C. § 1983 is predicated upon personal responsibility. *See Wolf-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983).

3. To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff had a duty to mitigate his claimed injuries and damages, commensurate with the

degree of failure to mitigate attributed to Plaintiff by the jury in this case.

4. Under Section 201 of the Illinois Tort Immunity Act ("Tort Immunity Act"), Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts. 745 ILCS 10/2-201 (2006).

5. As to any state law claim alleged by Plaintiff, a public employee acting within the scope of his or her employment is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204. Defendant Officers are public employees, who at all times material to the events alleged in Plaintiff's Amended Complaint, acted within the scope of their employment and are, therefore, not liable for the acts or omissions of other people.

6. To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202 (2010).

7. Plaintiff is not entitled to attorney's fees for his state law claims. *See Pennsylvania Truck Lines, Inc. v. Solar Equity Corp.*, 882 F.2d 221, 227 (7th Cir. 1989); *Kerns v. Engelke*, 76 Ill. 2d 154, 166, 390 N.E.2d 859, 865 (1979); *Miller v. Pollution Control Board*, 267 Ill. App. 3d 160, 171, 642 N.E.2d 475, 485 (4th Dist. 1994).

8. The Individual Officers have absolute immunity from civil liability for their testimony given in judicial proceedings in Plaintiff's underlying criminal case. *Briscoe v. LaHue*, 460 U.S. 325, 330-31 (1983); *Jurgensen v. Haslinger*, 295 Ill. App. 3d 139, 141-42 (1998); *Curtis v. Bembenek*, 48 F.3d 281, 285 (7th Cir. 1995).

Respectfully submitted,

*/s/ Mark L. Alanson*
Mark L. Alanson
Assistant Corporation Counsel

Assistant Corporation Counsel
2 N. LaSalle Street, Suite 420
Chicago, Illinois 60602
Attorney No.: 6325185
Mark.Alanson@cityofchicago.org
(312) 744-8311 (P) || (312) 744-6566 (FAX)
***Attorneys for Defendants***

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---

| | | |
|---|---|---|
| MIKO GILLESPIE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 1:23-cv-16231 |
| V. | ) | |
| | ) | Hon. Charles P. Kocoras |
| CITY OF CHICAGO., *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

---

## <u>NOTICE OF FILING AND CERTIFICATE OF SERVICE</u>

**Jeanette Samuels**
**SAMUELS & ASSOCIATES, LTD.**
**53 West Jackson Blvd., Suite 831**
**Chicago, Illinois 60604**
**T: (872) 588-8726**
**F: (872) 813-5256**
**E: sam@chicivilrights.com**

     **PLEASE TAKE NOTICE** that on this  8th   day of March 2024, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

                /s/ *Mark L. Alanson*
                Assistant Corporation Counsel